UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

SHARON DENISE VARNADO                         CIVIL ACTION

VERSUS                                        NO: 12-2199

CAROLYN W. COLVIN, ACTING                     SECTION: R(1)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION


### ORDER AND REASONS

Having reviewed the complaint,[1] the parties' motions for summary judgment,[2] the applicable law, the Magistrate Judge's Report and Recommendation[3] and the plaintiff's objections to the Magistrate Judge's Report and Recommendation,[4] the Court approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion. Thus, the Court DENIES the plaintiff's motion for summary judgment and GRANTS the Social Security Administration's cross-motion for summary judgment.

This action arises from a claim the plaintiff, Sharon Varnado, filed with the Social Security Administration for a period of disability, disability insurance benefits and supplemental security income.[5] An administrative law judge denied

---

[1] R. Doc. 1.

[2] R. Docs. 23, 24.

[3] R. Doc. 27.

[4] R. Doc. 28.

[5] R. Doc. 1 at 2.

Varnado's claim.[6] Varnado requested review by the SSA's Appeals Council, which denied the request.[7] She then brought this action pursuant to 403(g) of the Social Security Act, seeking judicial review of the final decision of the Commissioner of the SSA.[8] Both parties moved for summary judgment.[9] The Magistrate's Report and Recommendation recommends that the Court grant summary judgment in favor of the SSA.[10]

"Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)) (quotation marks removed).

Varnado objects to the Magistrate Judge's Report and Recommendation for a number of reasons. First, Varnado objects to the Magistrate's determination that the ALJ permissibly rejected

---

[6] *Id.*

[7] *Id.*

[8] R. Doc. 1.

[9] R. Docs. 23, 24.

[10] R. Doc. 27 at 21.

the opinions of two of Varnado's treating physicians, Drs. Barrow and Tessier. The Court accepts an ALJ's findings if they are supported by substantial evidence, regardless of whether other findings would also be permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992). Here, various medical records, including records of an examination by a third treating physician, Dr. Ellis, contradicted the opinions of Drs. Barrow and Tessier.[11] The Court concludes that these records provide substantial evidence in support of the ALJ's decision.

Second, Varnado argues that the Appeals Council improperly rejected new evidence provided by Dr. Tessier. For the reasons discussed in the Magistrate's Report and Recommendation, the Appeals Council was required neither to give controlling weight to this evidence nor to discuss it in detail.[12] The Court finds no error in the action of the Appeals Council.

Third, Varnado argues that, contrary to the Magistrate's Report and Recommendation, the ALJ was required under *Newton v. Apfel*, 209 F.3d 448, 453 (5th. Cir. 2000), to perform a detailed analysis of the opinions of Drs. Barrow and Tessier before rejecting them. *Newton*, however, applies only when there is no "reliable medical evidence from a treating or examining physician

---

[11] *See* R. Doc. 27 at 14, 16-17; R. Doc. 12-1 at 134; R. Doc. 12-2 at 38.

[12] R. Doc. 27 at 18-19.

controverting the claimant's treating specialist." *Id.* Here, the record contains reliable medical evidence from Dr. Ellis controverting the opinions of Drs. Barrow and Tessier.[13] As the Magistrate notes in her Report and Recommendation, the ALJ relied on Dr. Ellis' examination, because of its consistency with Varnado's MRI results.[14] The Court concludes that the requirements of *Newton* do not apply.

Fourth, Varnado argues that no evidence supported the ALJ's determination that Varnado could perform light work. This claim is without merit. The ALJ relied on a number of medical records in reaching his decision.[15] The Court finds that there was substantial evidence to support the ALJ's determination.

Accordingly,

Varnado's motion for summary judgment is DENIED and the SSA's cross-motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __12th__ day of November, 2013.

*Sarah Vance*
_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**

---

[13] *See id.* at 17; R. Doc. 12 at 19; R. Doc. 12-1 at 134.

[14] R. Doc. 27 at 17.

[15] *See id.* at 20-21; R. Doc. 12 at 21.